## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KRISTER EVERTSON )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>_____ )<br>LILLIAN ERIKSSON SIBLEY f/k/a LILLIAN )<br>KARIN ERIKSSON-HEBDON, LILLAN K. )<br>HEBDON, LILLIAN KARIN ERIKSSON, AND )<br>LILLIAN K. HEBDON LIVING TRUST )<br>Defendants )<br>)<br>_____ ) | Case No. _____ |

## **COMPLAINT**

### Allegations

As and for his complaint against the each of the defendants named herein plaintiff, Krister Evertson alleges as follows:

1. The plaintiff and defendant Lillian Eriksson Sibley named herein assert competing claims to that certain duplex constructed upon real property located at 1640 N. Centurian Pl., Wasilla, Alaska 99654, more particularly described as Lot 16, Block 3, Adventure Estates, according to Plat No. 76-50 located in the Palmer Recording District, Third Judicial District, State of Alaska, hereinafter referred to as the "Wasilla Duplex".

2. Plaintiff, Krister Evertson, (hereinafter referred to as "Krister") at all relevant times mentioned herein was a resident of Wasilla, Alaska, Third Judicial District and claims ownership of the Wasilla Duplex by virtue having been the original owner and builder of the Wasilla Duplex as well as by virtue of that certain Quitclaim Deed dated August 23, 2004, from Karin D. Eriksson, grantor, to Krister Evertson, grantee, conveying to him any interest she held in the Wasilla Duplex, and recorded in Recording District 311, Palmer, Alaska on Oct. 20, 2011, as instrument No. 2011-020662-0.

3. At all relevant times mentioned herein Karin D. Eriksson (hereinafter referred to as "Karin") was a resident of the State of Alaska, Third Judicial District.

4. Defendant, Lillian Karin Eriksson-Sibley, a.k.a. Lillian Karin Eriksson, a.k.a. Lillian Karin Eriksson-Hebdon, f.k.a Lillian K. Hebdon, at all relevant times mentioned herein was a resident of Orange County, State of California, (hereinafter referred to as "Lillian") and has claimed an interest in the Wasilla Duplex by virtue of that certain Quitclaim Deed dated April 21, 2008, from Grantor, Karin D. Eriksson, to Lillian Karin Eriksson-Hebdon, grantee, as recorded in Recording District 311-Palmer on April 22, 2008, as instrument No. 2008-009102-0 a full, true and correct copy of which is attached as "Exhibit A", and incorporated here by this reference.

5. Lillian is the trustee of the Lillian K. Hebdon Living Trust pursuant to a trust agreement dated August 29, 1995.

6. This Court has diversity jurisdiction over the parties and subject matter of the present action.

## Cause of Action Against Lillian for Forgery and Fraud.

7. On February 27, 2008, and again on March 2, 2008, Karin was examined by her attending physician, was diagnosed with early dementia, and found to be experiencing confusion, delusions, and paranoia. This diagnosis was communicated to Lillian by Karin's attending physician who at the time also requested that Lillian come and arrange for Karin's care since Karin was no longer capable of living safely alone and would be referred to state care if Karin's family did not make arrangements for her soon.

8. Karin's native tongue is Swedish having been born, raised, and educated through the sixth grade in Sweden, and although having immigrated to the United States in 1949 at the age of 22, she never became proficient in reading English.

9. Upon newly discovered information and belief plaintiff alleges that on or about

April 21, 2008 while visiting Karin in Alaska, Lillian forged Karin's signature on that certain Quitclaim Deed attached as Exhibit A, the handwritten portions of which, including Karin's signature, are all in Lillian's handwriting.

10. Upon information and belief plaintiff alleges that Lillian knew that her scheme to defraud Krister and the theft of Karin's identity would not be discovered for a long time because Lillian knew that: (1) Karin could not have read the quit claim deed even if she might have seen it at that time because Karin did not have her reading glasses and was unable to read without them; (2) even if Karin had had her reading glasses she would have had difficulty understanding the true nature of the instrument because of her limited ability to read English; and (3) because of her diminished mental capacity, having been diagnosed in February of 2008 with dementia and confusion, she was incapable of comprehending the true nature and impact of the document placed before her.

11. On or about April 30, 2008, Lillian fraudulently secured a loan in the amount of $120,000 secured by a Deed of Trust on the Wasilla Duplex dated April 30, 2008, among Lillian Karin Eriksson, a.k.a. Lillian Karin Erikkson-Hebdon, grantor; First National Bank Alaska, lender and beneficiary, and Mat-Su Title Agency, trustee, and recorded on May 1, 2008, in District 311-Palmer as Document No. 2008-009866-0, a full, true and correct copy of which is attached hereto as "Exhibit B" and incorporated here by this reference. Lillian thereafter converted the net proceeds of the loan remaining after paying off a $54,000 loan from Christine Bass to her own personal purposes.

12. Lillian's theft of Karin's identity and the theft of title to the Wasilla Duplex has caused Krister great pain, emotional distress, and mental anguish particularly while trying to meet the needs for the 24 hour per day care of Karin who is 93 and on ventilator, gastric tube feeding and is in a very frail condition.

## PRAYER FOR RELIEF

13. WHEREFORE Plaintiff prays that this court grant the following relief:

    1. An order and judgment that the Quitclaim Deed from Karin to Lillian attached as Exhibit B is *void ab initio.*

    2. Actual damages in a sum exceeding $100,000.

    3. An award of punitive damages to Krister for emotional distress and mental anguish in a sum exceeding $100,000.

    3. Grant Plaintiff such other and further relief as this court may determine just and proper.

Dated at WASILLA, Alaska this 24th day of September, 2020.

_____
Krister Evertson