IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KRISTER EVERTSON,<br><br>        Plaintiff,<br><br>vs.<br><br>LILLIAN ERIKSSON SIBLEY f/k/a LILLIAN KARIN ERIKSSON-HEBDON, LILLIAN K. HEBDON, LILLIAN KARIN ERIKSSON; and LILLIAN K. HEBDON LIVING TRUST,<br><br>        Defendants.<br><br>and<br><br>FIRST NATIONAL BANK OF ALASKA,<br><br>        Intervenor-Defendant. | Case No. 3:20-cv-00238-JMK<br><br>**ORDER DENYING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

Pending before the Court is (1) Defendants Lillian Eriksson Sibley (formerly known as Lillian Karin Eriksson-Hebdon, Lillian K. Hebdon, and Lillian Karin Eriksson), and Lillian K. Hebdon Living Trust's (together, the "Sibley Defendants") Motion to Set Aside Entry of Default at Docket 47, and (2) Plaintiff Krister Evertson's Motion for Default

Judgment at Docket 42. For the foregoing reasons, the Sibley Defendants' Motion to Set Aside Entry of Default is DENIED. Plaintiff's Motion for Default Judgment also is DENIED.

## I. BACKGROUND

Plaintiff filed the instant action on September 24, 2020.[1] The Sibley Defendants were served on November 10, 2020, when a process server left the summons and complaint inside Ms. Sibley's home with a woman who identified herself as Ms. Sibley's daughter.[2] On December 11, 2020, Ms. Sibley, acting pro se, filed a motion for extension of time to answer Plaintiff's Complaint.[3] Ms. Sibley requested an extension because she was under quarantine due to the COVID-19 pandemic and because her daughter was unable to give her the summons for an extended period of time.[4] On December 17, 2020, the Court granted Ms. Sibley's motion, giving her thirty extra days to file an Answer.[5] The Sibley Defendants did not file an Answer or otherwise appear by this extended deadline.

Plaintiff moved for an entry of default on January 19, 2021.[6] Before the Court could rule on Plaintiff's motion, First National Bank of Alaska ("FNBA") moved to intervene as a defendant in this action.[7] Subsequently, the Court issued an Order reserving ruling on Plaintiff's Motion for Entry of Default and granting the Sibley Defendants thirty

---

[1] Docket 1.
[2] Docket 2; Docket 47 at 1.
[3] Docket 5.
[4] *Id.*
[5] Docket 7.
[6] Docket 8.
[7] Docket 13.

*Evertson v. Sibley*　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:20-cv-00238-JMK
Order Denying Motion to Set Aside Entry of Default and Denying Motion for Default Judgment　　Page 2
Case 3:20-cv-00238-JMK　Document 49　Filed 06/07/22　Page 2 of 16

additional days to file an Answer.[8]  The Court noted that "this is the Court's generous grant of a second chance for Defendants to answer, but should no answer appear, the Court will be faced with assessing Default without a response.  While they generally are disfavored, unanswered complaints are not an acceptable method to avoid lawsuits."[9]  The Sibley Defendants again failed to answer or otherwise appear by the Court-imposed deadline.

The Court heard oral argument on FNBA's Motion to Intervene on June 11, 2021.[10]  On August 27, 2021, the Court issued an Order (the "Dismissal Order") dismissing this action *sua sponte* on *res judicata* grounds.[11]  The Court found that Plaintiff's lawsuit was barred by the doctrine of *res judicata* because he previously had filed two state court suits, in 2018 and 2020, which alleged causes of action similar to those that Plaintiff advances in the instant case.[12]  Plaintiff's 2018 Palmer Superior Court Case No. 3PA-18-02570CI resulted in a grant of summary judgment in favor of FNBA on the issue of FNBA's status as a bona fide lender.[13]  This ruling currently is on appeal before the Alaska Supreme Court.[14]

On September 23, 2021, Plaintiff filed a Motion to Vacate the Court's Dismissal Order.[15]  The Court granted in part Plaintiff's Motion to Vacate ("Order on Motion to Vacate"), finding that the Court "had accepted the 'final judgment' in [Plaintiff's

---

[8] Docket 15.
[9] *Id.* at 2.
[10] Docket 26.
[11] Docket 30.
[12] *Id.* at 4.
[13] Docket 42-7.
[14] Docket 42 at 4.
[15] Docket 33.

*Evertson v. Sibley*  Case No. 3:20-cv-00238-JMK
Order Denying Motion to Set Aside Entry of Default and Denying Motion for Default Judgment  Page 3
Case 3:20-cv-00238-JMK   Document 49   Filed 06/07/22   Page 3 of 16

2018 Palmer Superior Court] Case 3PA-18-02570CI as broader than it may be."[16] The Court amended its Dismissal Order "to dismiss Mr. Evertson's prayer and relief that Ms. Sibley's title be declared void *ab initio* with prejudice," but noting that "[t]he case will proceed as to the remaining claims against Ms. Sibley."[17] Plaintiff then renewed his motion for an entry of default against the Sibley Defendants.[18] FNBA filed a partial opposition.[19] The Sibley Defendants did not respond or appear. Accordingly, the Clerk of Court entered default against the Sibley Defendants on March 30, 2022.[20] The Clerk's entry of default specified that default was not entered against FNBA and that the entry of default against the Sibley Defendants did not revive Plaintiff's claim requesting that the Court declare the 2008 quitclaim deed void *ab initio* and did not otherwise implicate the validity of FNBA's status as a bona fide lender.[21]

On April 18, 2022, Plaintiff moved for default judgment.[22] FNBA responded in opposition[23] and Plaintiff filed a reply.[24] On May 5, 2022, the Sibley Defendants appeared, this time represented by counsel, and filed an Answer,[25] as well as a Motion to Set Aside the Clerk's Entry of Default.[26] Plaintiff responded in opposition at Docket 48. The Sibley Defendants did not file a reply.

---

[16] Docket 36 at 2.
[17] *Id.*
[18] Docket 38.
[19] Docket 39.
[20] Docket 41.
[21] *Id.*
[22] Docket 42.
[23] Docket 43.
[24] Docket 44.
[25] Docket 46.
[26] Docket 47.

*Evertson v. Sibley*　　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:20-cv-00238-JMK
Order Denying Motion to Set Aside Entry of Default and Denying Motion for Default Judgment　　Page 4
Case 3:20-cv-00238-JMK　　Document 49　　Filed 06/07/22　　Page 4 of 16

## II. LEGAL STANDARD

### A. Motion to Set Aside Entry of Default

Pursuant to Federal Rule of Civil Procedure 55(c), a district court "may set aside an entry of default for good cause." To determine whether "good cause" exists, courts must consider: (1) whether the moving party "engaged in culpable conduct that led to the default"; (2) whether the moving party "had no meritorious defense"; or (3) whether "reopening the default judgment would prejudice" the nonmoving party.[27] These factors are "disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default."[28] District courts have discretion in applying the good cause standard; this discretion is particularly broad when an entry of default is being set aside, rather than default judgment.[29] Importantly, courts must bear in mind that "judgment by default is a drastic step appropriate only in extreme circumstances: a case should, whenever possible, be decided on the merits."[30] Where "timely relief is sought from a default and the movant has a meritorious defense, doubt, if any, should be resolved in favor of" setting aside default and deciding the case on its merits.[31]

---

[27] *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004)) (internal quotations omitted).
[28] *Id.*
[29] *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).
[30] *Mesle*, 615 F.3d at 1091 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).
[31] *Mendoza*, 783 F.2d at 945 (quoting *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974)).

*Evertson v. Sibley* Case No. 3:20-cv-00238-JMK
Order Denying Motion to Set Aside Entry of Default and Denying Motion for Default Judgment Page 5
Case 3:20-cv-00238-JMK Document 49 Filed 06/07/22 Page 5 of 16

## B. Motion for Default Judgment

Federal Rule of Civil Procedure 55(a) authorizes the Clerk of the Court to enter a party's default and, after default has been entered, Rule 55(b)(2) authorizes the court to enter default judgment against the defaulting party. "Entry of default does not entitle a plaintiff to an automatic court-ordered judgment."[32] Instead, a "district court's decision whether to enter a default judgment is a discretionary one."[33] The Ninth Circuit has articulated the following seven factors (together, the "*Eitel* factors") that courts should consider in determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[34]

Under Local Civil Rule 55.1, motions for default judgment, "must be supported by declarations and evidence establishing the right to relief."[35] This includes, but is not limited to:

> (A) calculations supporting the amount of judgment; (B) relevant contract documents; (C) the facts supporting any claim for prejudgment interest, including the applicable interest rate and calculation of interest due, *see* 28 U.S.C. § 1961; (D) the facts supporting any claim for attorney's fees, including the amount of fees sought, the actual time spent, and

---

[32] *Qtials v. Khan*, No. 2:20-cv-02282-RGK-AGR, 2021 WL 8154954, at *2 (C.D. Cal. Jan. 8, 2021) (citing *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986)).
[33] *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).
[34] *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).
[35] D. Alaska Loc. Civ. R. 55.1(b)(2).

*Evertson v. Sibley*     Case No. 3:20-cv-00238-JMK
Order Denying Motion to Set Aside Entry of Default and Denying Motion for Default Judgment     Page 6
Case 3:20-cv-00238-JMK   Document 49   Filed 06/07/22   Page 6 of 16

actual fees incurred; and (E) compliance with the Service Members Civil Relief Act, 50 USC §§ 3901–4043.[36]

The relief sought in a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."[37]

### III. DISCUSSION

#### A. Motion to Set Aside Entry of Default

##### 1. Culpable conduct

A defendant's conduct is culpable if the defendant "received actual or constructive notice of the filing of the answer and *intentionally* failed to answer."[38] In this context, intentionality does not mean simply making a conscious choice not to answer; rather, the moving party "must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process."[39] Typically, a defendant's conduct is culpable when "there is no explanation of default inconsistent with a devious, deliberate, willful or bad faith failure to respond."[40] When the defendant is a legally sophisticated party, "an understanding of the consequences of its actions may be assumed, and with it,

---

[36] *Id.*
[37] Fed. R. Civ. P. 54(c).
[38] *United States v. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (emphasis in the original) (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner,* 532 U.S. 141 (2001)).
[39] *Id.* (quoting *TCI Group*, 244 F.3d at 697).
[40] *Id.* (quoting *TCI Group*, 244 F.3d at 698).

*Evertson v. Sibley*　　　　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:20-cv-00238-JMK
Order Denying Motion to Set Aside Entry of Default and Denying Motion for Default Judgment　　　Page 7
Case 3:20-cv-00238-JMK　　Document 49　　Filed 06/07/22　　Page 7 of 16

intentionality."[41] However, where, as here, a defendant was unrepresented throughout the majority of the lawsuit, intentionality is not assumed.[42]

      The Sibley Defendants were served on November 10, 2020, when a process server left the summons and complaint with Ms. Sibley's daughter at Ms. Sibley's place of residence.[43] Ms. Sibley acknowledged that she was aware of this suit, and of her duty to answer the Complaint, by filing a motion for extension of time to answer on December 11, 2020.[44] After receiving an extension, Ms. Sibley claims that she "flatly forgot" to file an Answer, citing issues surrounding the COVID-19 pandemic and her duties as a caretaker to a disabled son as reasons for her forgetfulness.[45] Ms. Sibley asserts that she "is not hard to find, is a respected member of the business community, and would most certainly have filed an answer if she had remembered."[46]

      On April 28, 2022, Ms. Sibley "attempted to evict the Plaintiff."[47] Ms. Sibley claims that she was only reminded of this suit at the eviction hearing when Plaintiff informed her that an entry of default had been filed against her in federal court.[48] Ms. Sibley then instructed her lawyer to confirm the entry of default and, once he did so,

---

[41] *Id.* at 1093.
[42] *See id.*
[43] Docket 47 at 1.
[44] Docket 5. In her Motion for Extension of Time to Respond, Ms. Sibley claimed she was improperly served. *See id.* at 2. Ms. Sibley does not raise this argument in her Motion to Set Aside Entry of Default. *See* Docket 47. Because Ms. Sibley appears to have abandoned this argument, and because there is no dispute that she was aware of this suit, this Court makes no factual findings as to the propriety of service in this matter.
[45] Docket 47 at 2–3.
[46] *Id.* at 2.
[47] *Id.*
[48] *Id.*

*Evertson v. Sibley*     Case No. 3:20-cv-00238-JMK
Order Denying Motion to Set Aside Entry of Default and Denying Motion for Default Judgment     Page 8
Case 3:20-cv-00238-JMK   Document 49   Filed 06/07/22   Page 8 of 16

Ms. Sibley instructed him to enter an appearance in this matter and file an Answer.[49] On May 5, 2022, Mr. Ainsworth entered an appearance on behalf of Ms. Sibley and her trust, filed an Answer to Plaintiff's Complaint, and filed the present Motion to Set Aside Entry of Default.[50] In sum, Ms. Sibley asserts that she is not culpable because she "failed to file an answer due to the totality of the circumstance (*i.e.*, Covid illness and the care of her severely handicapped child) . . . [and] [f]rankly the Defendant just forgot and was not reminded until the eviction proceeding."[51]

In opposition, Plaintiff points the Court's attention to the fact that Ms. Sibley "never appeared answered or defended" in two Palmer Superior Court actions filed against her concerning the same or similar allegations.[52] In Palmer Superior Court Case No. 3PA-18-02331CI, default was entered against Ms. Sibley and her trust on January 15, 2020. In Palmer Superior Court Case No. 3PA-18-02570CI, default was entered against Ms. Sibley on February 12, 2020.[53] The Court takes judicial notice of these state court filings.[54] Plaintiff asserts that Ms. Sibley's pattern of default demonstrates culpability.[55]

Ms. Sibley's serial failure to appear in the suits filed against her by Plaintiff raises the specter of a deliberate course of action, calling into question whether Ms. Sibley

---

[49] *Id.*
[50] Docket 45; Docket 46; Docket 47.
[51] Docket 47 at 3.
[52] Docket 48 at 3–6.
[53] This case currently is pending appeal in the Alaska Supreme Court, Case No. S-17791.
[54] *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); *Daniel v. M-I, LLC*, No. 1:15-cv-00746-GEB-JLT, 2015 WL 5834276, at *2 (E.D. Cal. Oct. 1, 2015) (noting that the court may take judicial notice *sua sponte* of filings in state court); *see also* Fed. R. Civ. P 201(c) (providing that a court "may take judicial notice on its own.").
[55] Docket 48 at 6–7.

*Evertson v. Sibley*  Case No. 3:20-cv-00238-JMK
Order Denying Motion to Set Aside Entry of Default and Denying Motion for Default Judgment  Page 9
Case 3:20-cv-00238-JMK   Document 49   Filed 06/07/22   Page 9 of 16

is attempting to avoid lawsuits by simply ignoring them. However, Plaintiff offers no legal support for the contention that past instances of default compel a finding of culpability in a later action.[56] Further, Ms. Sibley was not represented by counsel in this case prior to May 5, 2022.[57] The Court is particularly "solicitous towards movants . . . whose actions leading to the default were taken without the benefit of legal representation."[58] Illness, as well as Ms. Sibley's duties as a caretaker to her disabled child, also weigh against a finding of culpability.[59] Therefore, given the solicitude the Court affords Ms. Sibley as a former pro se litigant, the first factor supports a finding of good cause to set aside the Clerk's entry of default.

### 2. Meritorious defense

A party "seeking to vacate a default judgment must present specific facts" that, if taken as true, would constitute a defense.[60] The burden on the moving party is "not extraordinarily heavy."[61] Plaintiff's Complaint asserts causes of action against the Sibley Defendants for forgery and fraud.[62] Plaintiff claims that Ms. Sibley forged his mother's signature on a quitclaim deed, dated April 21, 2008, and then secured a loan on the property using the forged deed.[63] Plaintiff also asserts that, even if his mother was aware of the

---

[56] *See Callister v. Owen,* No. 1:16-cv-00474-CWD, 2017 WL 1499224, at *4 (D. Idaho Apr. 25, 2017).
[57] *See* Docket 45.
[58] *Mesle*, 615 F.3d at 1089.
[59] *See* Docket 47-1 at 23.
[60] *Id.* at 1094 (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001)).
[61] *Id.*
[62] Docket 1-1 at 2.
[63] *Id.* at 2–3.

*Evertson v. Sibley*　　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:20-cv-00238-JMK
Order Denying Motion to Set Aside Entry of Default and Denying Motion for Default Judgment　　　Page 10
Case 3:20-cv-00238-JMK　　Document 49　　Filed 06/07/22　　Page 10 of 16

quitclaim deed, she was unable to understand the nature of the document because she had limited proficiency in English and had been diagnosed with dementia.[64]

In their Motion to Set Aside Entry of Default, the Sibley Defendants assert that "the Defendants have meritorious defenses which were raised in the State Court case earlier mentioned. [They] would certainly raise these defenses again if allowed to answer."[65] The Sibley Defendants also filed an Answer, which includes one-word denials of all the facts alleged in connection with Plaintiff's causes of action for forgery and fraud.[66] The Sibley Defendants' Answer includes a counterclaim, which accuses Plaintiff of creating a quitclaim deed in the name of a fictitious trust on May 8, 2008, registering the deed, and then borrowing money in his mother's name using the fraudulent deed.[67]

The Sibley Defendants have failed to present any specific facts that would constitute a defense in this action. The promise of future defenses is insufficient to carry the moving party's burden under this factor.[68] Therefore, the Sibley Defendants' assertion that they *will* present defenses if allowed to answer cannot carry their burden of demonstrating that they *have* alleged specific facts constituting a defense. Further, a

---

[64] *Id.* at 3.
[65] Docket 47 at 3.
[66] Docket 46 at 2.
[67] *Id.* at 2.
[68] *See Howarth v. Patterson,* No. CV-19-00726-PHX-ESW, 2020 WL 888292, at *2 (D. Ariz. Feb. 24, 2020) (finding that a defendant's claim that it "has meritorious defenses to Plaintiff's unfounded and baseless accusations" was insufficient to constitute a meritorious defense); *Lowery v. Barcklay*, No. CV-12-01625-PHX-RCB, 2014 WL 47349, at *7 (D. Ariz. Jan. 7, 2014) (defendant's claim that she "*will* present evidence" supporting a defense was insufficient to carry her burden); *Zoom Elec., Inc. v. Int'l Bhd. of Elec. Workers, Loc. 595*, No. C 11-1699 CW, 2013 WL 192515, at *5 (N.D. Cal. Jan. 17, 2013) (defendant's "general proclamation that he would be able to establish the necessary facts to defend himself is not enough to justify vacating a default.").

*Evertson v. Sibley* Case No. 3:20-cv-00238-JMK
Order Denying Motion to Set Aside Entry of Default and Denying Motion for Default Judgment Page 11
Case 3:20-cv-00238-JMK   Document 49   Filed 06/07/22   Page 11 of 16

"'mere general denial without facts to support it' is not enough to justify vacating a default or default judgment."[69] The one-word denials in the Sibley Defendants' proposed Answer do not constitute a meritorious defense, as they are not supported by any facts. Finally, the facts alleged in the Sibley Defendants' counterclaim concern a different quitclaim deed than the quitclaim deed at issue in Plaintiff's Complaint. The Sibley Defendants fail to explain how the invalidity of the May 8, 2008 quitclaim deed has any bearing on whether Ms. Sibley forged Plaintiff's mother's signature or otherwise committed fraud with respect to the April 21, 2008, quitclaim deed. As such, these facts, taken as true, support an unrelated claim and do not constitute a meritorious defense to the causes of action Plaintiff pled in his Complaint.

Although the burden of alleging a potentially meritorious defense is "minimal," [the Court] will not "manufacture" [the moving party's] argument for them."[70] The Sibley Defendants do not offer any facts showing "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by default."[71] Accordingly, despite the passage of more than a year since their Answer was due and even though they now have the benefit of legal representation, the Sibley Defendants have not presented a meritorious defense to Plaintiff's claims. The Court will not guess at potential defenses where no supporting facts have been alleged. The Court concludes that the second factor weighs against setting aside the Sibley Defendants' default.

---

[69] *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) (quoting *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir.1969)).
[70] *United States v. Aguilar*, 782 F.3d 1101, 1108 (9th Cir. 2015).
[71] *Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

*Evertson v. Sibley* Case No. 3:20-cv-00238-JMK
Order Denying Motion to Set Aside Entry of Default and Denying Motion for Default Judgment Page 12
Case 3:20-cv-00238-JMK   Document 49   Filed 06/07/22   Page 12 of 16

### 3. Summary

The Court need not address the third relevant factor, prejudice to Plaintiff, because the factors courts consider when assessing a motion to set aside a default are "disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default.'"[72] Although the court is mindful that default is disfavored in light of the strong policy favoring disposition of cases on their merits, the Sibley Defendants have not alleged a meritorious defense that justifies vacating the entry of default here. In the absence of a meritorious defense at this stage of the litigation, the Court, in its discretion, refuses to set aside the entry of default at Docket 41.

### B. Motion for Default Judgment

Plaintiff's Motion for Default Judgment does not address the *Eitel* factors and does not include the requisite evidence supporting his right to relief.[73] The Court therefore is left without sufficient information to rule on whether default judgment is warranted here. Accordingly, the Court will deny Plaintiff's Motion without Prejudice.[74] Plaintiff shall have until July 6, 2022, to refile the motion. The new motion shall (1) address the *Eitel* factors and describe why those factors support an entry of default

---

[72] *Duralar Techs. LLC v. Plasma Coating Techs., Inc.*, 848 F. App'x 252, 254 (9th Cir. 2021) (quoting *Aguilar*, 782 F.3d at 1106).
[73] *See* Docket 42.
[74] *Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017 WL 7362743, at *2 (S.D. Cal. Sept. 27, 2017) (denying motion for default judgment for failing to address the *Eitel* factors and failing to provide evidence to support the damages calculation); *Nicolaus v. Tribe*, No. CV-13-08025-PCT-JJT, 2014 WL 11609749, at *1 (D. Ariz. Sept. 19, 2014) (denying motion for default judgment without prejudice for failing to address each *Eitel* factor and failing to present evidence sufficient to support the calculation of damages); *Hill v. First Integral Recovery, LLC*, No. CV-09-839-PHX-DGC, 2009 WL 2781990, at *1 (D. Ariz. Aug. 31, 2009) (same).

*Evertson v. Sibley*      Case No. 3:20-cv-00238-JMK
Order Denying Motion to Set Aside Entry of Default and Denying Motion for Default Judgment      Page 13
Case 3:20-cv-00238-JMK    Document 49    Filed 06/07/22    Page 13 of 16

judgment in Plaintiff's favor; and (2) include declarations and evidence establishing the right to relief, including, but not limited to, calculations supporting the amount of judgment pursuant to Local Civil Rule 55.1.[75]

The Court notes that Plaintiff's Motion for Default Judgment largely seeks to relitigate the Court's Order on Plaintiff's Motion to Vacate at Docket 36. To the extent that the Court's Order was unclear, it seeks to remedy any confusion herein. Plaintiff claims that the Court's Order "included the restoration of my prayer and relief that the 2008 Quitclaim Deed be declared void *ab initio*."[76] Plaintiff then requests that this Court "enter judgment against the Sibley defendants and specifically enter judgment that the 2008 quitclaim deed is void *ab initio*."[77] The Court's Order did not revive Plaintiff's prayer for relief that the 2008 quitclaim deed be declared void *ab initio*. The Court held that it "amends its previous order to dismiss Mr. Evertson's prayer and relief that Ms. Sibley's title be declared void *ab initio* with prejudice" and proceeded to state that "[t]he case will proceed as to the remaining claims against Ms. Sibley."[78] This meant that Plaintiff's claim for a judgment declaring the 2008 quitclaim deed void *ab initio* was dismissed in the Court's Dismissal Order and remained dismissed after the Court's Order on Plaintiff's Motion to Vacate. The Court explained its reasoning for this holding in its Dismissal

---

[75] D. Alaska Loc. Civ. R. 55.1(b)(2). Plaintiff correctly notes that factual allegations in a complaint are taken as true upon default. *See* Docket 42 at 1; *see also Yoon Chul Yoo v. Arnold*, 615 F. App'x 868, 870 (9th Cir. 2015). However, this rule does not extend to factual allegations relating to damages. *Arnold*, 615 F. App'x at 870. As such, damages still must be proven at the default judgment stage. *See id.*
[76] Docket 42 at 11.
[77] *Id.* at 13.
[78] Docket 36 at 2 (emphasis added).

*Evertson v. Sibley*     Case No. 3:20-cv-00238-JMK
Order Denying Motion to Set Aside Entry of Default and Denying Motion for Default Judgment     Page 14
Case 3:20-cv-00238-JMK   Document 49   Filed 06/07/22   Page 14 of 16

Order. The Court found that any claims that would affect FNBA's interest or position as a bona fide lender are precluded under the doctrine of *res judicata*.[79] Plaintiff's prayer that the 2008 quitclaim deed should be declared void *ab initio* due to either forgery or fraud implicates FNBA's status as a bona fide lender and therefore is precluded.[80]

The Court granted Plaintiff's Motion to Vacate only with regards to Plaintiff's claims for monetary damages against the Sibley Defendants.[81] The Court's statement that "[t]he case will proceed as to the remaining claims against Ms. Sibley"[82] meant that the only prayers for relief that were revived by the Court's Order were (1) the "[a]ctual damages in a sum exceeding $100,000" and (2) "[a]n award of punitive damages to [Plaintiff] for emotional distress and mental anguish in a sum exceeding $100,000."[83] These claims for monetary damages were not present in Plaintiff's previous state court lawsuits and therefore are not barred under the doctrine of *res judicata*.[84] Accordingly, following this Court's Order on Plaintiff's Motion to Vacate, Plaintiff may only pursue monetary damages against the Sibley Defendants for forgery and fraud. Although Plaintiff

---

[79] Docket 36 at 2.
[80] Plaintiff's renewed argument that the Palmer Superior Court's Order Granting Summary Judgement in favor of FNBA did not address forgery does not avoid this result and was addressed in the Court's Dismissal Order. As the Court noted in its Dismissal Order, "[o]ne cannot avoid the preclusive effect of an earlier judgment by alleging the same facts under a new legal theory." *See* Docket 30 at 5–6 (quoting *Smith v. CSK Auto, Inc.*, 132 P.3d 818, 822 (Alaska 2006)). Plaintiff's earlier lawsuits sought a declaration that the 2008 quitclaim deed was void *ab initio* through various theories of fraud. *See* Docket 42-1 at 5–6; Docket 42-4 at 5–6. The fact that Plaintiff has sought a declaration that the 2008 quitclaim deed was void *ab initio* through forgery, based on the same facts previously alleged, does not avoid the preclusive effect of the Palmer Superior Court's December 17, 2019 Order. *See* Docket 42-7.
[81] Docket 36 at 2.
[82] *Id.*
[83] Docket 1-1 at 4.
[84] Docket 14-11 at 5–7, 9; Docket 14 at 7.

*Evertson v. Sibley*  Case No. 3:20-cv-00238-JMK
Order Denying Motion to Set Aside Entry of Default and Denying Motion for Default Judgment  Page 15
Case 3:20-cv-00238-JMK   Document 49   Filed 06/07/22   Page 15 of 16

may disagree with this result, these were the terms of this Court's Order. Following this clarification, any attempts by Plaintiff to reopen the issue of his request for a declaration that the 2008 quitclaim deed is void *ab initio*, through subsequent motions for default judgment or otherwise, will not be well taken.

## IV. CONCLUSION

For the foregoing reasons, the Sibley Defendants' Motion to Set Aside Entry of Default is DENIED. Plaintiff's Motion for Default Judgment is DENIED WITHOUT PREJUDICE. Plaintiff shall have until July 6, 2022, to file a new motion for default judgment according to the terms of this Order.

IT IS SO ORDERED this 7th day of June, 2022, at Anchorage, Alaska.

                                                    */s/ Joshua M. Kindred*
                                                           JOSHUA M. KINDRED
                                                           United States District Judge

*Evertson v. Sibley*                                                                                   Case No. 3:20-cv-00238-JMK
Order Denying Motion to Set Aside Entry of Default and Denying Motion for Default Judgment      Page 16
Case 3:20-cv-00238-JMK     Document 49     Filed 06/07/22     Page 16 of 16