IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KRISTER EVERTSON,<br><br>              Plaintiff,<br><br>vs.<br><br>LILLIAN ERIKSSON SIBLEY f/k/a LILLIAN KARIN ERIKSSON-HEBDON, LILLIAN K. HEBDON, LILLIAN KARIN ERIKSSON; and LILLIAN K. HEBDON LIVING TRUST,<br><br>              Defendants,<br>and<br><br>FIRST NATIONAL BANK OF ALASKA,<br><br>              Intervenor-Defendant. | Case No. 3:20-cv-00238-JMK<br><br>**ORDER GRANTING<br>MOTION TO STAY** |

Pending before the Court is Plaintiff Krister Evertson's Motion for Extension of Time at Docket 50. On June 7, 2022, the Court issued an Order at Docket 49 denying Plaintiff's Motion for Default Judgment and ordering Plaintiff to file a renewed motion, along with the requisite evidentiary support, by July 6, 2022. Instead, Plaintiff filed the present motion, requesting an extension of time to file his renewed Motion for Default

Judgment.[1] Plaintiff requests an extension for an unspecified amount of time, arguing that the decision in his pending appeal in Alaska Supreme Court Case No. S-17791 ("the Alaska Supreme Court Action") will affect the amount of damages in this matter.[2] Plaintiff asserts that he cannot ascertain whether his claim for monetary damages should include the value of the duplex at issue in this case ("the Duplex") without a decision in the Alaska Supreme Court Action, which involves the Parties' ownership interests in the Duplex. For the following reasons, the Court finds it appropriate to temporarily stay this case pending a resolution of the Alaska Supreme Court Action.

## I. DISCUSSION

Construing Plaintiff's motion liberally,[3] Plaintiff essentially is requesting a stay of this action until the Alaska Supreme Court issues its decision in Case No. S-17791. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[4] "A trial court may, with propriety find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."[5] The parallel independent proceedings do not have to be controlling of the action before the trial court for the trial court to properly grant a stay.[6] Courts consider the following factors when

---

[1] Docket 50.
[2] *Id.* at 2.
[3] *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants . . . .").
[4] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).
[5] *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).
[6] *Id.* at 863–64.

determining whether to grant a stay: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."[7] "The proponent of a stay bears the burden of establishing its need."[8]

Here, Plaintiff has carried his burden. There is no discernible damage or prejudice that will result from a stay. The claims implicating the First National Bank of Alaska's ("FNBA") interest in the Duplex have been dismissed, leaving only the claims for monetary damages against Defendants Lillian Eriksson Sibley (formerly known as Lillian Karin Eriksson-Hebdon, Lillian K. Hebdon, and Lillian Karin Eriksson), and Lillian K. Hebdon Living Trust (together, the "Sibley Defendants").[9] The Sibley Defendants have appeared only twice in this action.[10] The Clerk of Court entered default against the Sibley Defendants on March 30, 2022.[11] On June 7, 2022, the Court refused to set aside this entry of default.[12] Granting a stay thus would not alter the status quo as to either FNBA or the Sibley Defendants, who remain in default. A stay will merely temporarily delay any potential recovery of monetary damages Plaintiff seeks through default judgment. However, as discussed further below, this delay is justified because a decision in the Alaska Supreme Court Action will allow Plaintiff to calculate his damages more precisely.

---

[7] *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254).
[8] *Clinton v. Jones*, 520 U.S. 681, 708 (1997).
[9] Docket 30; Docket 36.
[10] Docket 5; Docket 46.
[11] Docket 41.
[12] Docket 49.

Plaintiff has demonstrated that he will suffer hardship in being required to go forward because his damages calculation for the purposes of default judgment may be affected by the outcome of the Alaska Supreme Court Action.[13] The Court acknowledges that, although the Alaska Supreme Court Action is not controlling on the present case, to the extent the Alaska Supreme Court's decision implicates the ownership interests in the Duplex, it may have an effect on Plaintiff's damages calculations as well as the issue of *res judicata* in this matter. Finally, granting a stay will allow for the "orderly course of justice" because waiting for the resolution of the Alaska Supreme Court Action will simplify Plaintiff's calculation of damages for default judgment and this Court will avoid the risk of hearing evidence relating to partial or duplicative damages. The Alaska Supreme Court Action's adjudication of the Parties' ownership interests in the Duplex will likely be "of valuable assistance to [this] Court" and Plaintiff in simplifying the amount of damages at issue on default judgment and avoiding piecemeal litigation.[14]

District courts must avoid issuing stays of indefinite duration.[15] As such, there is a general policy favoring "stays of short, or at least reasonable, duration."[16] The Alaska Supreme Court held oral argument on March 23, 2022. It thus appears likely that the Alaska Supreme Court proceeding "will be concluded within a reasonable time."[17]

---

[13] Docket 50 at 2.
[14] *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).
[15] *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).
[16] *Id.* at 1067.
[17] *Leyva*, 593 F.2d at 864; *see also Olson v. O'Brien*, No. 3:11-cv-245 JWS, 2012 WL 2150897, at *4 (D. Alaska June 13, 2012).

Accordingly, the Court concludes that a temporary stay of this action is appropriate during the pendency of the related pending appeal in the Alaska Supreme Court Action.

## II. CONCLUSION

The Court GRANTS Plaintiff's motion to stay and STAYS this case pending the resolution of the Alaska Supreme Court Action. Plaintiff shall file a notice with this Court within three (3) business days following the issuance of a decision in the Alaska Supreme Court Action.

IT IS SO ORDERED this 15th day of July, 2022, at Anchorage, Alaska.

                                          */s/ Joshua M. Kindred*
                                          JOSHUA M. KINDRED
                                          United States District Judge

*Evertson v. Sibley et al*      Case No. 3:20-cv-00238-JMK
Order Granting Motion to Stay      Page 5
Case 3:20-cv-00238-JMK   Document 51   Filed 07/15/22   Page 5 of 5