# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

KRISTER EVERTSON )
)
Plaintiff )
)
vs. )
) Case No. 3:20-cv-00238-JMK
)
_____ )
LILLIAN ERIKSSON SIBLEY f/k/a LILLIAN )
KARIN ERIKSSON-HEBDON, LILLAN K. )
HEBDON, LILLIAN KARIN ERIKSSON, AND )
LILLIAN K. HEBDON LIVING TRUST )
Defendants )
)
and First National Bank Alaska - intervenor- )
Defendant )
_____ )

## MOTION FOR ENTRY OF JUDGMENT

### INTRODUCTION

*Nuntiae bonae.* The Alaska Supreme Court, Supreme Court No. S-17791 CI, OPINION No. 7632, Nov. 18, 2022, stated: "Consistent with the generally followed common law rule, we now hold that deeds conveyed as a result of fraud in the factum are void and confer no protection on even a bona fide purchaser or lender. Thus if Karin conveyed the property to Lillian in 2008 as a result of fraud in the factum, as Krister alleges, the deed is void, and FNBA's status as a bona fide lender does not protect its mortgage interest in the property.[1]

The Supreme Court goes on further to say: "These facts, if proven, are consistent

---

[1] Alaska Supreme Court Case No. S-17791, Superior Court No. 3PA-18-02570 CI. OPINION No. 7632-November 18, 2022. p. 6.

Page 1 of 8.

with a claim that Lillian obtained her quitclaim deed from Karin as a result of fraud in the factum – that is, that Karin was unaware of the essential nature of the document she was signing. The superior court's dismissal of Krister's claim of fraud in the factum implied that FNBA's status as a bona fide lender protected it from that claim. But because a conveyance resulting from fraud in the factum is not merely voidable but void, FNBA's bona fide lender status is irrelevant to its defense against that claim. The dismissal of the fraud in the factum claim was therefore error."[2]

This Supreme Court holding is very good news for victims of fraud who were unaware of the essential nature of fraudulent documents placed before them. Victims will no longer have to face the very dire, even life threatening evictions from their homes. Very good news indeed!

## FACTS AND PROCEEDINGS

FNBA has told this Court from the very beginning, when it made it's motion to intervene in this case, that it's status as a bona fide lender protected them from having the 2008 quitclaim deed from Karin to Lillian declared null and void. They objected to every attempt to do so by claiming that the superior court in my case had issued summary judgment on their status as a bona fide lender. Thus they were protected by the doctrine of res judicata. The Supreme Court affirmed the superior court's summary judgment that FNBA was a bona fide lender.[3]

---

[2] *Id.* p. 17.

[3] *Id.* "It Was Not Error To Decide On Summary Judgment That FNBA Was A Bona Fide Lender." p.6.

However, the Supreme Court also made the Holding that: " Because a conveyance resulting from fraud in the factum is not merely voidable but void, <u>FNBA's bona fide lender status is irrelevant to its defense against that claim.</u> *See footnote 2.* (emphasis added).

The fact that the Supreme Court made the holding that being a bona fide lender is irrelevant in defense of a fraud in the factum claim is a very central holding in this instant case. FNBA is a nonessential party defendant. Entry of Default has been entered against Lillian. As a consequence of her default, all well pleaded facts in the complaint filed in this case are considered entered.[4]

The Supreme Court held and opined: "2. Krister's allegations of fraud in the factum are sufficient to survive dismissal." "Krister alleged that Karin had been diagnosed with early dementia, and found to be experiencing confusion, delusions, and paranoia." "That her native language was Swedish, and that she never became proficient in reading English." He alleged that: "Lillian exercised undue influence and fraudulently caused Karin to sign [the quitclaim deed to Lillian]," accomplishing it by using her position of trust as a daughter" while knowing that Karin ."could not read the quitclaim deed because Karin did not have her reading glasses and was unable to read without them," "could not....understand the true nature of the instrument

---

[4] *See* e.g. <u>Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.</u>, 561 F.3d 1298, 1307 (11th Cir. 2009) (defaulting defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established") (citation omitted); <u>Nishimatsu Const. Co., Ltd v. Houston Nat. Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."); <u>Capital Records v Carmichael</u>, 508 F. Supp.2d 1079, 1084 n.3 (S.D. Ala. 2007) ("The effect of a default is to render all well-pleaded factual allegations of the complaint (except those relating to damages) admitted.").

in front of her because of her limited ability to read English." and "was incapable of comprehending the nature or impact of the document." "because of her diminished mental capacity."

The Supreme Court continued, held and opined: "These facts, if proven, are consistent with a claim that Lillian obtained her quitclaim deed from Karin as a result of fraud in the factum---that is, that Karin was unaware of the essential nature of the document she was signing." "...FNBA's bona fide lender status is *irrelevant* to its defense against that claim." (emphasis added).

The Supreme Court also stated: "**B.   It Was Error To Dismiss The First Amended Complaint Of Fraud In The Factum.**" "The superior court dismissed Krister's first amended complaint, including its claim for fraud in the factum, after granting summary judgment on his adverse possession and bona fide lender claims. The court did not address the fraud claim explicitly, presumably accepting FNBA's argument that its bona fide lender status resolved all of Krister's claims in the bank's favor.[26]" "Although we agree that FNBA was entitled to bona fide lender status, as explained above, this holding does not dispose of Krister's allegation of fraud in the factum, and it was error to dismiss it." (emphasis added).

In light of the new Supreme Court opinion and holdings in my case regarding the fact that fraud in the factum was not addressed by the superior court in case No. 3PA-18-02570 CI, and ordering it REVERSED and REMANDED,[5] I would submit to this Court that it is free to address my fraud in the factum claim in my complaint in the instant case. Paragraphs 7, 8 and 10 of my complaint contain these fraud in the factum claims.

---

[5] *See* footnote 1. Alaska Supreme Court. We REVERSE the dismissal of Krister's first amended complaint   and REMAND for further proceedings consistent with this opinion. p. 18
Page 4 of 8.

## DISCUSSION

This Court laid out the 7 *"Eitel factors"* in its Order dated June 7, 2022. Docket Entry 49. This Court said these factors should be considered in determining whether to grant default judgment. I will list the seven factors below and expand on them as it relates to my case

(1) The possibility of prejudice to the plaintiff.

> When Lillian fraudulently procured the 2008 quitclaim from my incompetent Mother in 2008[6], the Mat-Su Borough property taxes on the duplex more than doubled. My Mother, being 81 years of age in 2008, enjoyed the senior citizen property tax exemption offered by the Mat-Su Borough for senior homeowners. As a direct result of the fraudulent transfer of title, Karin's senior citizen exemption was lost.
>
> When FNBA initiated foreclosure proceedings in 2018, the property taxes were fully paid and up to date. I had paid them since 2010. Waiting for the resolution of court proceedings regarding the property, no party has paid the property taxes. It is now over four years since any property taxes have been paid. The Mat-Su Borough has initiated tax foreclosure proceedings. Dept. of Natural Resources Document No. 2021-023750-0. 08/10/2021. The one year grace period for payment of the unpaid 2018 taxes was July 27, 2022. As my court proceedings are still continuing as of this date, the Mat-Su Borough is doing the final paperwork to have a clerk's deed issued for the property at issue in this instant case.

---

[6] *See* Dr. John Boston's notarized Medical Report that my Mother suffered Alzheimer's Dementia in February of 2008. Docket Entry 48. Exhibit B. May 16, 2022.

Page 5 of 8.

Case 3:20-cv-00238-JMK   Document 52   Filed 11/28/22   Page 5 of 9

I will be greatly prejudiced and suffer irrepairable harm if the duplex at issue in the instant case is transferred via clerks deed to the Mat-Su Borough for unpaid property taxes. Resolution of this case is sorely needed. Time is very much of the essence.

(2) The merits of plaintiff's substantive claims.

Entry of Default has been issued for Lillian. All well pleaded facts in the complaint are deemed admitted. My Mother's physician John Boston examined my Mother in February of 2008. My Mother was diagnosed as suffering from non reversible Alzheimer's/Dementia. This medical diagnosis was months before the 2008 quitclaim deed was signed. This is very strong evidence that the quitclaim deed was signed by an incompetent person at the time. And thus a product of fraud in the factum. The Alaska Supreme Court stated on p. 12 of their Opinion, that fraud in the faction is also known as – "fraud in the execution."

(3) The sufficiency of the complaint.

The complaint in my case pleads fraud in the factum. The same pleadings were in my 2018 superior court case reviewed by the Alaska Supreme Court. The Supreme Court found that "Krister's allegations of fraud in the factum were sufficient to survive dismissal." The Supreme Court listed the complaint claims and found them sufficient. *See* Alaska Supreme Court Opinion p. 16, 17.

The same fraud in the factum claims are detailed in paragraphs 7,8 and 10 of the complaint before this Court in the instant case.

Page 6 of 8.

(4) The sum of money at stake in the action.

This element of the *:Eitel factors"* is impossible to determine without having a decision on the 2008 quitclaim deed from my Mother to Lillian. If the deed is a product of fraud in the execution, then I do not need to ask this Court for the value of my duplex. If the deed is valid, then I need to include the sum of its present value in my judgment request. If this Court defers ruling on the 2008 quitclaim deed at issue in the Alaska Supreme Court Opinion, I prayerfully request a continuance of the present stay of my motion for Default Judgment.

(5) The possibility of a dispute concerning material facts.

I know of no possible disputes of material facts. All of the well pleaded claims complaint are true. And the medical report from Dr. John Boston is also true.

(6) Whether the default was due to excusable neglect.

This Court has already addressed Lillian's reasons for her default. Entry of Default was entered on March 30, 2022. *See* Docket Entry 41.

(7) The strong policy underlying the Civil Rules of Civil procedure favoring decisions on the merits.

The medical diagnosis of my Mother in February of 2008 showing she was suffering from Alzheimer's/Dementia is a strong showing of merit for a claim of fraud in the execution.

## CONCLUSION

I ask this Honorable Court to enter judgment against the Sibley defendants and specifically enter judgment that, in light of the new Alaska Supreme Court Opinion addressed above, the 2008 quitclaim deed from my Mother to Lillian is void as a result of fraud in the factum.

I Pray that this Court expeditiously schedule a Default Judgment Hearing as provided in Federal Rules of Civil Procedure 55(b)(2).

Respectfully submitted at WASILLA, ALASKA on November 24, 2022.

Krister Evertson, Pro. Per

CERTIFICATE OF SERVICE
I certify that on November 25, 2022,, I mailed a copy of the foregoing document to Bruce Moore, attorney of record for First National Bank Alaska, and B. Neil Ainsworth, attorney of record for Lillian, by first class mail postage paid.

Krister Evertson



FROM: Krister Evertson
1640 N. Centurion Dr. #B
Wasilla, Alaska 99654

TO: United States District Court
Clerk of Court #4
222 W. 7th Ave.
Anchorage, Alaska 99513-7534
Attention: Clerk of Court