IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KRISTER EVERTSON,

               Plaintiff,

    vs.

LILLIAN ERIKSSON SIBLEY f/k/a
LILLIAN KARIN ERIKSSON-
HEBDON, LILLIAN K. HEBDON,
LILLIAN KARIN ERIKSSON, and
LILLIAN K. HEBDON LIVING
TRUST,

               Defendants.

    and

FIRST NATIONAL BANK OF
ALASKA,

               Intervenor-
               Defendant.

Case No. 3:20-cv-00238-JMK

**ORDER DENYING PLAINTIFF'S
MOTION FOR ENTRY OF
JUDGMENT AND STAYING CASE**

        Pending before the Court at Docket 52 is Plaintiff Krister Evertson's Motion

for Entry of Judgment (the "Motion"). For the reasons described in this Order, Plaintiff's

Motion is DENIED and this case is STAYED.

# I.    BACKGROUND

## A.    The Federal Action

Mr. Evertson filed a Complaint in this Court on September 24, 2020, alleging that his sister, Lillian Eriksson Sibley, fraudulently secured a quitclaim deed (the "2008 Quitclaim Deed") to their mother's duplex in Wasilla, Alaska (the "Wasilla Duplex").[1] Mr. Evertson's Complaint prayed for (1) an order and judgment that the 2008 Quitclaim Deed was *void ab initio*; (2) actual damages in a sum exceeding $100,000; and (3) punitive damages in a sum exceeding $100,000.[2]  Ms. Sibley and her trust, the Lillian K. Hebdon Living Trust (together, the "Sibley Defendants") moved for an extension of time on December 11, 2020[3] and did not appear again in the action until May 5, 2022.[4]  In the interim, the First National Bank of Alaska ("FNBA") moved to intervene in this case.[5] FNBA asserted that it has an interest in the Wasilla Duplex by virtue of a 2010 deed of trust, the validity of which is predicated on the validity of the 2008 Quitclaim Deed.[6] FNBA also notified the Court that Mr. Evertson had filed two similar lawsuits in state court.[7]  The Court granted FNBA's Motion to Intervene and *sua sponte* dismissed this case on *res judicata* grounds.[8]  The Court found that Mr. Evertson's claims in the instant case were precluded by the final judgment in Palmer Superior Court Case No. 3PA-18-02570

---

[1]  Docket 1-1.
[2]  *Id.* at 4.
[3]  Docket 5.
[4]  *See* Docket 45.
[5]  Docket 13.
[6]  *Id.* at 2–3.
[7]  *Id.*
[8]  Docket 30 at 1–2.

(hereinafter, the "2018 State Court Action"), in which the Palmer Superior Court granted summary judgment for FNBA on the issue of whether it is a bona fide lender with regards to the Wasilla Duplex.[9] Mr. Evertson moved to vacate the Court's dismissal Order.[10] The Court granted Mr. Evertson's motion in part, amending its prior Order to dismiss Mr. Evertson's claim requesting that the 2008 Quitclaim deed be declared void *ab initio*, but reviving Mr. Evertson's claims for monetary damages based on Ms. Sibley's alleged forgery and fraud.[11]

Mr. Evertson then moved for an entry of default against the Sibley Defendants.[12] The Clerk of Court entered default against the Sibley Defendants on March 30, 2022.[13] Mr. Evertson then moved for default judgment.[14] On May 5, 2022, the Sibley Defendants appeared and moved to set aside the entry of default.[15] The Court denied the Sibley Defendants' motion, finding that the Sibley Defendants had failed to allege a meritorious defense.[16] The Court also denied Mr. Evertson's motion for default judgment for failure to brief the applicable standard, ordering him to file a renewed motion by July 6, 2022.[17] Mr. Evertson then moved for an extension of this deadline, arguing that the

---

[9] This Court takes judicial notice of the state court filings referenced in this Order. *Bykov v. Rosen*, 703 F. App'x 484, 487 (9th Cir. 2017); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

[10] Docket 33.

[11] Docket 36 at 2.

[12] Docket 40.

[13] Docket 41.

[14] Docket 42.

[15] *See* Docket 47.

[16] Docket 49 at 7–13.

[17] *Id.* at 13–16.

*Evertson v. Sibley et al*                                        Case No. 3:20-cv-00238-JMK
Order Denying Plaintiff's Motion for Entry of Judgment and Staying Case          Page 3

Case 3:20-cv-00238-JMK   Document 53   Filed 12/12/22   Page 3 of 17

decision in his pending appeal in Alaska Supreme Court Case No. S-17791 will affect the amount of damages in the present case.[18]  The Court stayed the present action under *Landis v. North American Company*, 299 U.S. 248, 254 (1936), pending the outcome of the Alaska Supreme Court appeal.[19]

On November 18, 2022, the Alaska Supreme Court issued its opinion, affirming the Superior Court's grant of summary judgment on FNBA's bona fide lender status and reversing the Superior Court's dismissal of Mr. Evertson's amended complaint.[20]  The Alaska Supreme Court remanded the action for a determination of whether Ms. Sibley acquired the 2008 Quitclaim Deed as a result of fraud which, if proven, would render FNBA's interest in the Wasilla Duplex void.[21]  In the present motion, Mr. Evertson moves for default judgment, asking the Court to enter judgment that, "in light of the new Alaska Supreme Court Opinion addressed above, the 2008 quitclaim deed from my Mother to Lillian is void as a result of fraud in the factum."[22]

**B.      The State Court Actions**

Mr. Evertson previously filed two similar lawsuits in state court.  In the 2018 State Court Action, Mr. Evertson sued the Sibley Defendants and FNBA in Palmer Superior Court for adverse possession and to quiet title to the Wasilla Duplex.[23]  The

---

[18]  Docket 50 at 1 ("Without [the Alaska Supreme Court's] decision the amount of damages I have suffered cannot be ascertained.").

[19]  Docket 51.

[20]  *Evertson v. Sibley*, No. S-17791, 2022 WL 17073028, at *4–8 (Alaska Nov. 18, 2022).

[21]  *Id.* at *1.

[22]  Docket 52 at 8.

[23]  This case initially was consolidated with a suit brought by the Office of Elder and Fraud Assistance against the Sibley Defendants, but the two cases were later decoupled.

*Evertson v. Sibley et al*                                                                 Case No. 3:20-cv-00238-JMK
Order Denying Plaintiff's Motion for Entry of Judgment and Staying Case                        Page 4

Case 3:20-cv-00238-JMK   Document 53   Filed 12/12/22   Page 4 of 17

Palmer Superior Court entered default against Ms. Sibley on February 12, 2020. On March 5, 2020, the Palmer Superior Court granted summary judgment in FNBA's favor on the issue of whether FNBA is a bona fide lender. The Palmer Superior Court also dismissed the fraud claim in Mr. Evertson's Amended Complaint. Mr. Evertson moved for reconsideration, which the Palmer Superior Court denied. Mr. Evertson then appealed the Palmer Superior Court's decision to the Alaska Supreme Court.

On March 26, 2020, Mr. Evertson filed another suit in Palmer Superior Court against the Sibley Defendants, FNBA, and Mat-Su Title Agency, asserting that Ms. Sibley had procured the 2008 Quitclaim Deed through fraud, requesting that the 2008 Quitclaim Deed be declared void *ab initio* and that Mr. Evertson be awarded $100,000 in compensatory damages (Palmer Superior Court Case No. 3PA-20-01374CI, hereinafter, the "2020 State Court Action"). On July 13, 2020, the Palmer Superior Court granted FNBA's Motion to Dismiss, finding that Mr. Evertson's claims against FNBA were precluded under the doctrine of *res judicata* because the Palmer Superior Court had issued a final judgment on the merits in the 2018 State Court Action.[24] Mr. Evertson filed a First Amended Complaint, asserting a claim against the Sibley Defendants for forgery and fraud that is virtually identical to the Complaint filed in this action.[25] On November 17, 2020, the Palmer Superior Court dismissed the 2020 State Court Action without prejudice for failure to serve the Sibley Defendants.[26]

---

[24] Docket 33-2 at 1–2.
[25] Docket 33-3 at 4–6.
[26] Docket 33-5.

Finally, as discussed above, the Alaska Supreme Court issued its opinion in the 2018 State Court Action on November 18, 2022, affirming the Palmer Superior's Court's grant of summary judgment finding FNBA to be a bona fide lender, reversing the dismissal of Mr. Evertson's fraud claim, and remanding for further proceedings consistent with its opinion.[27]

## II. LEGAL STANDARD

"In exceptional circumstances, a federal court may decline to exercise its 'virtually unflagging obligation' to exercise federal jurisdiction, in deference to pending, parallel state proceedings."[28] A federal court's decision to decline to exercise jurisdiction pursuant to *Colorado River Water Conservation District, et al., v. United States,* 424 U.S. 800 (1976) (hereinafter, "*Colorado River*"), "rests on considerations of wide judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."[29] The Court's task "is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction."[30]

The Ninth Circuit has recognized the following eight factors for assessing the appropriateness of a *Colorado River* stay or dismissal:

---

[27] *Evertson v. Sibley*, No. S-17791, 2022 WL 17073028, at *4–8 (Alaska Nov. 18, 2022).
[28] *Montanore Mins. Corp. v. Bakie*, 867 F.3d 1160, 1165 (9th Cir. 2017) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).
[29] *Id.*
[30] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983).

*Evertson v. Sibley et al*                                                        Case No. 3:20-cv-00238-JMK
Order Denying Plaintiff's Motion for Entry of Judgment and Staying Case                                Page 6

Case 3:20-cv-00238-JMK   Document 53   Filed 12/12/22   Page 6 of 17

> (1) which court first assumed jurisdiction over any property
> at stake; (2) the inconvenience of the federal forum; (3) the
> desire to avoid piecemeal litigation; (4) the order in which
> the forums obtained jurisdiction; (5) whether federal law or
> state law provides the rule of decision on the merits;
> (6) whether the state court proceedings can adequately
> protect the rights of the federal litigants; (7) the desire to
> avoid forum shopping; and (8) whether the state court
> proceedings will resolve all issues before the federal
> court.[31]

These factors do not represent a "mechanical checklist."[32] Rather, courts apply the factors "in a pragmatic, flexible manner with a view to the realities of the case at hand."[33] The *Colorado River* doctrine may be raised by the Court *sua sponte*.[34]

## III. DISCUSSION

### A. Motion for Entry of Judgment

Mr. Evertson moves for default judgment following the Alaska Supreme Court's decision in the 2018 State Court Action.[35] Mr. Evertson states that "[i]n light of the new Supreme Court opinion and holdings in my case regarding the fact that fraud in the factum was not addressed by the superior court" this Court " is free to address my fraud in the factum claim in my complaint in the instant case."[36] However, the Alaska Supreme Court reversed the dismissal of Mr. Evertson's First Amended Complaint and remanded

---

[31] *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011).

[32] *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1203 (9th Cir. 2021) (quoting *Moses H.* Cone, 460 U.S. at 16).

[33] *Id.*

[34] *Cotton v. Geraci*, No. 18cv325-GPC(MDD), 2018 WL 1128454, at *4 (S.D. Cal. Feb. 28, 2018) (citing *Jimenez v. Rodriguez-Pagan*, 597 F.3d 18, 27 n.4 (1st Cir. 2010)); *P6 LA MF Holdings SPE, LLC v. Shekhter*, No. 2:17-CV-00616-RGK-SS, 2017 WL 7411154, at *14 (C.D. Cal. June 8, 2017).

[35] Docket 52.

[36] *Id.* at 4.

"for a determination of whether [Ms. Sibley] acquired her deed as a result of fraud in the factum, which, if proven, would render her title and the [FNBA's] mortgage interest void."[37]  On remand, the Palmer Superior Court thus will be charged with examining the same claims as those at issue in the instant action.  This duplication of efforts raises the risk of inconsistent or overlapping judgments relating to one property.  The Court therefore is hindered by the issue that has plagued this case from its inception—its decisions are dependent upon, and necessarily intertwined with, those of the state court in the 2018 State Court Action.  Because it would be improper for this Court to enter a decision on the merits of Mr. Evertson's claims while substantially similar claims are being litigated in Palmer Superior Court, Mr. Evertson's Motion for Entry of Judgment is DENIED.

## B.    The Colorado River Doctrine

Due to the Court's ongoing concern regarding the redundancy of this action, the Court *sua sponte* raises the *Colorado River* doctrine.  The Court previously stayed this action pursuant to *Landis v. North American Company*, 299 U.S. 248, 254 (1936), pending the outcome of the appeal in the 2018 State Court Action.  Now that the Alaska Supreme Court has rendered its decision, this Court finds that this case should be analyzed under the narrower *Colorado River* doctrine.  The *Landis* doctrine typically involves stays of limited duration to "postpone[] resolution of the case pending some related proceeding' that 'typically serves only to narrow the factual or legal issues for the federal court.'"[38]  In

---

[37]  *Evertson v. Sibley*, No. S-17791, 2022 WL 17073028, at *1 (Alaska Nov. 18, 2022).
[38]  *Pac. Structures, Inc. v. Greenwich Ins. Co.*, No. 21-cv-04438-HSG, 2022 WL 2673087, at *1 (N.D. Cal. June 15, 2022) (quoting *Stoltz v. Fry Foods, Inc.*, 60 F. Supp. 3d 1132, 1136 (D. Idaho 2014)).

*Evertson v. Sibley et al*                                                          Case No. 3:20-cv-00238-JMK
Order Denying Plaintiff's Motion for Entry of Judgment and Staying Case                              Page 8

Case 3:20-cv-00238-JMK   Document 53   Filed 12/12/22   Page 8 of 17

contrast, *Colorado River* contemplates a longer stay or dismissal because that doctrine "necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses."[39] As discussed above, the Alaska's Supreme Court decision in the 2018 State Court Action has made it clear to the Court that this action is almost entirely duplicative of the 2018 State Court Action. Applying the *Colorado River* factors below, the Court finds that this case presents the extraordinary circumstances necessary to warrant an extended stay under the *Colorado River* doctrine.

### 1. Which court assumed jurisdiction over the property at stake

This factor applies when both the federal and state forums "exercise jurisdiction over the same property, and addresses the concern 'that the parallel proceedings will result in inconsistent dispositions of such property.'"[40] In *40235 Washington St. Corp. v. Lusardi*, 976 F.2d 587 (9th Cir. 1992), the Ninth Circuit held that this factor was dispositive. In that case, the appellee filed a quiet title action in state court and subsequently filed a quiet title action in federal court concerning the same property.[41] The Ninth Circuit held that "[a] quiet title action is a proceeding *in rem*," and "[i]n proceedings *in rem* or *quasi in rem*, the forum first assuming custody of the property at issue has exclusive jurisdiction to proceed."[42] The Court concluded that, in that case, "the

---

[39] *Id.* (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983)).
[40] *Montanore Mins. Corp. v. Bakie*, 867 F.3d 1160, 1166 (9th Cir. 2017) (quoting *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017)).
[41] *40235 Washington St. Corp. v. Lusardi*, 976 F.2d 587, 588 (9th Cir. 1992).
[42] *Id.* at 589.

*Evertson v. Sibley et al*                                                                    Case No. 3:20-cv-00238-JMK
Order Denying Plaintiff's Motion for Entry of Judgment and Staying Case                        Page 9

Case 3:20-cv-00238-JMK   Document 53   Filed 12/12/22   Page 9 of 17

district court was *required* to stay the federal quiet title action."[43]  The property at stake in this case and in the 2018 State Court Action is the Wasilla Duplex.  Mr. Evertson first filed a claim to quiet title to the Wasilla Duplex in the 2018 State Court Action and then subsequently filed a Complaint alleging fraud in connection with the 2008 Quitclaim Deed in this Court.  Although the 2018 State Court Action was a quiet title action, neither the state court nor this Court has assumed jurisdiction over the Wasilla Duplex.  However, the "concerns that animate this factor," namely that "parallel proceedings will result in inconsistent disposition of a single [property]," are present in this case.[44]  There is a real threat that, on remand, that the Palmer Superior Court finds that the 2008 Quitclaim Deed was void due to fraud and this Court finds the opposite (or vice versa), leading to inconsistent dispositions of the Wasilla Duplex.  Accordingly, although the Court does not find this factor dispositive, it strongly weighs in favor of a *Colorado* stay or dismissal.

### 2.     The inconvenience of the federal forum

Neither forum presents an advantage as to convenience.  The state and federal fora are separated by approximately forty miles.[45]  This factor is neutral.

---

[43]  *Id.* (emphasis added).

[44]  *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017); *see also Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 819 (1976) (discussing "the rule requiring that jurisdiction be yielded to the court first acquiring control of property, for the concern in such instances is with avoiding the generation of additional litigation through permitting inconsistent dispositions of property.").

[45]  *See Montanore Mins. Corp. v. Bakie*, 867 F.3d 1160, 1167 (9th Cir. 2017) (treating this factor as neutral when courts were separated by 200 miles).

*Evertson v. Sibley et al*                                                                    Case No. 3:20-cv-00238-JMK
Order Denying Plaintiff's Motion for Entry of Judgment and Staying Case                    Page 10

Case 3:20-cv-00238-JMK   Document 53   Filed 12/12/22   Page 10 of 17

### 3. The desire to avoid piecemeal litigation

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results."[46] The "mere possibility of piecemeal litigation" is insufficient for this factor to favor a *Colorado River* stay or dismissal—the case must "'raise a special concern about piecemeal litigation' . . . which can be remedied by staying or dismissing the federal proceeding."[47] There is no question that maintaining this action would result in piecemeal litigation. In fact, this Court has been engaging in piecemeal litigation for over two years. There is a "highly interdependent" relationship between this action and the 2018 State Court Action, as both implicate the validity of the 2008 Quitclaim Deed.[48] Further, the Palmer Superior Court's decision on remand very likely will lead to Mr. Evertson's causes of action in the present case being barred by claim preclusion or issue preclusion. Given the substantial overlap between the cases, allowing the parallel actions to proceed could only result in a duplication of efforts. The third factor strongly favors a *Colorado River* stay or dismissal.

### 4. The order the courts obtained jurisdiction

This factor focuses on "the order in which the forums gained jurisdiction"[49] as well as "the relative progress of the state and federal proceedings."[50] The 2018 State Court Action was commenced on November 1, 2018. The instant action was commenced

---

[46] *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 979 (9th Cir. 2011) (quoting *Am. Int'l Underwriters, (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir.1988)).

[47] *Id.* (internal citation omitted).

[48] *Id.* (quoting *Colorado River*, 424 U.S. at 819).

[49] *Id.* at 980.

[50] *Montanore Mins. Corp. v. Bakie,* 867 F.3d 1160, 1168 (9th Cir. 2017).

*Evertson v. Sibley et al*                                                     Case No. 3:20-cv-00238-JMK
Order Denying Plaintiff's Motion for Entry of Judgment and Staying Case                         Page 11
Case 3:20-cv-00238-JMK   Document 53   Filed 12/12/22   Page 11 of 17

on September 24, 2020.  Accordingly, the state court was the first to exercise jurisdiction over Mr. Evertson's claims.  Further, the state court has made significant progress in the 2018 State Court Action.  The Palmer Superior Court granted summary judgment for FNBA and dismissed Mr. Evertson's Amended Complaint.  The Alaska Supreme Court recently affirmed the Superior Court's grant of summary judgment in favor of FNBA and reversed and remanded the Superior Court's decision to dismiss the Amended Complaint. This action has not reached the stage of appellate review and has consistently been delayed by this Court having to navigate issuing rulings without stepping on the toes of the state court.[51]  Mr. Evertson should "be bound by its initial choice of the state forum, given the substantial progress that has occurred in the state court litigation."[52]  This factor weighs in favor of a *Colorado River* stay or dismissal.

## 5.    Source of law

This factor asks "whether federal law or state law provides the rule of decision on the merits."[53]  "[A]lthough the 'presence of federal-law issues must always be a major consideration weighing against'" a *Colorado River* stay or dismissal, "the 'presence of state-law issues may weigh in favor of [such a stay or dismissal]' only 'in some rare circumstances.'"[54]  Cases involving "routine issues of state law— misrepresentation, breach of fiduciary duty and breach of contract" do not present such

---

[51] *See* Docket 51.
[52] *Montanore Minerals*, 867 F.3d at 1168.
[53] *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978 (9th Cir. 2011).
[54] *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1370 (9th Cir. 1990) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983).

*Evertson v. Sibley et al*                                                                              Case No. 3:20-cv-00238-JMK
Order Denying Plaintiff's Motion for Entry of Judgment and Staying Case                                    Page 12
Case 3:20-cv-00238-JMK   Document 53   Filed 12/12/22   Page 12 of 17

rare circumstances.[55]  In the present action, Mr. Evertson brings state law claims and invokes the Court's diversity jurisdiction.[56]  Mr. Evertson's claims therefore are governed entirely by Alaska law.[57]  Notwithstanding, claims of fraud and forgery are "routine issues of state law" that this Court is capable of deciding.[58]  Accordingly, this factor is neutral.[59]

### 6. Whether the state court can adequately protect the rights of federal litigants

A district court may not stay or dismiss a federal proceeding pursuant to *Colorado River* "if the state proceeding cannot adequately protect the rights of the federal litigants . . . if there is a possibility that the parties will not be able to raise their claims in the state proceeding, a stay or dismissal is inappropriate."[60]  There is no question that the state court has the authority to address the issues in this case.  Mr. Evertson's claims are brought under state law.  Further, Mr. Evertson can, and has, raised his claims in the state court proceedings.  This factor weighs in favor of a *Colorado River* stay or dismissal.

### 7. The desire to avoid forum shopping

The forum shopping factor requires the Court to analyze whether the plaintiff filed the federal court action "seek[ing] to avoid adverse rulings made by the state court or to gain a tactical advantage from the application of federal court rules."[61]  This case has

---

[55] *Id.*
[56] Docket 1 at 3.
[57] *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001) ("[U]nder the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.") (quoting *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 426 (1996)).
[58] *Travelers Indemnity*, 914 F.2d at 1370.
[59] *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 980 (9th Cir. 2011).
[60] *Id.* at 981.
[61] *Travelers Indemnity*, 914 F.2d at 1371.

*Evertson v. Sibley et al*                                                   Case No. 3:20-cv-00238-JMK
Order Denying Plaintiff's Motion for Entry of Judgment and Staying Case                Page 13
Case 3:20-cv-00238-JMK   Document 53   Filed 12/12/22   Page 13 of 17

indicia of forum shopping. First, Mr. Evertson has a history of filing new lawsuits following a setback in an existing suit. Mr. Evertson filed the first state court action in 2018. In the 2018 State Court Action, summary judgment was granted in FNBA's favor and Mr. Evertson's Amended Complaint was dismissed with prejudice. Shortly thereafter, Mr. Evertson filed another suit in Palmer Superior Court, alleging that Ms. Sibley had secured the 2008 Quitclaim Deed through forgery and fraud.[62] On the same day that a Notice of Dismissal for Failure to Serve Defendant was filed in the 2020 State Court Action, Mr. Evertson filed the instant action in federal court.[63] The 2020 State Court Action subsequently was dismissed without prejudice. Mr. Evertson has acknowledged that the First Amended Complaint in 2020 State Court Action is substantively identical to the Complaint filed in the instant action.[64] Second, a multi-year delay between the filing of a state court action and a federal court action on the same issues evinces forum shopping.[65] Mr. Evertson filed this action nearly two years after the 2018 State Court Action. Finally, the fact that Mr. Evertson did not name FNBA in the instant action, but named FNBA in both the 2018 and 2020 State Court Actions, suggests a desire to avoid state court judgments. Mr. Evertson clearly knew that any judgment in the instant action would affect FNBA's interest in the Wasilla Duplex yet did not name FNBA as a defendant, presumably for the purpose of asserting diversity jurisdiction. The Court does not suggest

---

[62] Docket 33-3 at 4–6.
[63] *See* Docket 1.
[64] Docket 33 at 5.
[65] *Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989) (finding three- and one-half-year delay suggests forum shopping); *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1259 (9th Cir. 1988) (finding two- and one-half-year delay suggests forum shopping).

*Evertson v. Sibley et al*                                              Case No. 3:20-cv-00238-JMK
Order Denying Plaintiff's Motion for Entry of Judgment and Staying Case                    Page 14

Case 3:20-cv-00238-JMK   Document 53   Filed 12/12/22   Page 14 of 17

that Mr. Evertson's claims lack merit or that he has acted with malice in pursuing the same claims in multiple forums. On the contrary, Mr. Evertson's actions suggest an earnestly held belief in the validity of his claims and a real desire for an expeditious resolution of the issues surrounding the ownership of the Wasilla Duplex. However, filing multiple similar lawsuits in different fora and ensnaring this Court in a tangle of state court judgments frustrates, rather than expedites, this Court's ability to resolve Mr. Evertson's claims. This factor weighs in favor of a *Colorado River* dismissal or stay.

### 8. Whether the state court proceedings will resolve all issues before the federal court

The final factor considers "whether the state court proceeding sufficiently parallels the federal proceeding."[66] The Ninth Circuit does not require "exact parallelism" between the federal and state court actions, but the actions must be "substantially similar."[67] "The existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay."[68] Here, the 2018 State Court Action and present action are substantially similar because they involve the same parties and attempt to accomplish the same goal—namely, determining whether the 2018 Quitclaim Deed is void due to fraud.[69] Although the Complaint in this action asserts a claim for forgery and the 2018 State Court Action does not, this alone does not defeat the

---

[66] *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 982 (9th Cir. 2011).
[67] *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989).
[68] *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1203 (9th Cir. 2021) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993)).
[69] *Montanore Mins. Corp. v. Bakie*, 867 F.3d 1160, 1170 (9th Cir. 2017).

*Evertson v. Sibley et al*                                                     Case No. 3:20-cv-00238-JMK
Order Denying Plaintiff's Motion for Entry of Judgment and Staying Case                    Page 15
Case 3:20-cv-00238-JMK   Document 53   Filed 12/12/22   Page 15 of 17

substantial similarity requirement.[70]  Mr. Evertson's forgery claim arises under state law

and Mr. Evertson is free to amend his complaint to add his forgery claim in the 2018 State

Court Action, as he did in the 2020 State Court Action.  Further, the 2020 State Court

Action, which included a forgery claim, was dismissed without prejudice, and may be

revived.  Therefore, this Court is "confident that the state court, which has had jurisdiction

over this dispute since [2018], will resolve all claims properly raised in that court."[71]  The

final factor weighs in favor of a *Colorado River* dismissal or stay.

## C.     Balancing of the Colorado River Factors

On balance, the *Colorado River* factors strongly support a stay or dismissal.

Every factor supports a stay or dismissal with the exception of two, which are neutral.

Having concluded that this case presents the extraordinary circumstances necessary to

warrant application of the *Colorado River* doctrine, the Court next must examine whether

a stay or dismissal is appropriate here.  In this case, the difference between dismissal and

a stay seems "extremely artificial"[72]  As stated above, this Court is confident that the

ownership dispute regarding the Wasilla Duplex will be resolved by the Palmer Superior

Court on remand and this Court will have nothing further to do in resolving any substantive

part of the case.  However, the Ninth Circuit generally requires a stay instead of a dismissal

so "that the federal forum will remain open if for some unexpected reason the state forum

---

[70]  *See Nakash*, 882 F.2d at 1416–17.
[71]  *Montanore Minerals*, 867 F.3d at 1170.
[72]  Charles A. Wright, Arthur R. Miller & Edward H. Cooper, 17A *Federal Practice and Procedure* § 4247 (3d ed. 2022).

*Evertson v. Sibley et al*                                              Case No. 3:20-cv-00238-JMK
Order Denying Plaintiff's Motion for Entry of Judgment and Staying Case                Page 16

Case 3:20-cv-00238-JMK   Document 53   Filed 12/12/22   Page 16 of 17

. . . turns out to be inadequate."[73]  Therefore, the Court will *sua sponte* STAY this case pending the resolution of the 2018 State Court Action, including any appeals.  Mr. Evertson should pursue his claims in Palmer Superior Court, the forum with the most experience with the merits of this case and that is in the best position to expeditiously resolve Mr. Evertson's claims.  The Court emphasizes that, barring an unexpected event in which the Palmer Superior Court does not reach the merits of Mr. Evertson's fraud claim, this Court will not step in and interrupt the proceedings of the state court.

## IV.    CONCLUSION

Mr. Evertson's Motion for Entry of Judgement is DENIED.  This matter is STAYED pursuant to the *Colorado River* doctrine.  Mr. Evertson is directed to file a status report in this case within thirty days of a final decision in the 2018 State Court Action, including any appeals.

IT IS SO ORDERED this 12th day of December, 2022, at Anchorage, Alaska.


                                         */s/ Joshua M. Kindred*
                                         JOSHUA M. KINDRED
                                         United States District Judge

---

[73]  *Montanore Minerals*, 867 F.3d at 1170 (quoting *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 243 (9th Cir. 1989)).

*Evertson v. Sibley et al*                                                    Case No. 3:20-cv-00238-JMK
Order Denying Plaintiff's Motion for Entry of Judgment and Staying Case                    Page 17

Case 3:20-cv-00238-JMK   Document 53   Filed 12/12/22   Page 17 of 17